IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DOMINIQUE HINES                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO. 1:24-CV-165-DAS

COMMISSIONER OF SOCIAL SECURITY                                                        DEFENDANT

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be remanded.

FACTS

The plaintiff, Dominique Hines, filed her application for benefits on September 21, 2021, alleging onset of disability commencing in December 31, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on January 29, 2024. The Appeals Council denied the plaintiff's request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: cardiomyopathy, systemic lupus erythematosus, bipolar disorder, and schizophrenia. The ALJ found she retained the residual functional capacity (RFC) to perform light work, with the following additional limitations:

- Stand and/or walk for four hours in an eight-hour workday,
- Frequently stoop, kneel, crouch, and crawl,
- Occasionally climb ramps and stairs and balance,
- Never climb ladders, ropes, and scaffolds,
- No concentrated exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, pulmonary irritants, and hazards (machinery, unprotected heights, and bodies of water),
- Simple, one to three step instructions,
- Occasional interaction with supervisors and co-workers,
- No interaction with the general public, and
- Concentrate and persist for two hours at a time, with intermittent exacerbation of psychological symptoms that would not impact pace or production.

The ALJ determined the plaintiff had no past relevant work but based on VE testimony, found she could perform the jobs of tabber, swatch clerk, and router. Even if limited to sedentary work activity with the remaining stated limitations, the VE testified the plaintiff could perform the jobs of document preparer, surveillance system monitor, and weight tester.

## ANALYSIS

The plaintiff raises two issues on appeal.[1] First, she claims the ALJ erred in her assessment of Martha Spragins' and Marketa Larry's opinions of the plaintiff's non-exertional limitations. Ms. Spragins and Ms. Larry are mental health providers and social workers at Communicare, where the plaintiff received mental health treatment from April 2021 through August 2023. The plaintiff argues the ALJ failed to develop the record and improperly engaged in "cherry picking" when she failed to acknowledge the abundance of evidence in the record contradicting her ultimate findings.

In evaluating the "paragraph B" criteria, the ALJ found the plaintiff has moderate limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace. In support of these findings, the ALJ cited

---

[1] Because the first issue warrants remand, the court will not address the plaintiff's arguments regarding any alleged inconsistencies between the DDS opinions and the ALJ's ultimate RFC findings.

treatment records indicating the plaintiff's memory was normal, her speech was clear, audible, and goal directed, and her attention and concentration were normal. In support of the RFC, the ALJ found "the severity of symptoms and degree of limitation reported are unsupported by the objective, record, which demonstrates improvement with treatment." The ALJ cites a trajectory of treatment records reflecting this "improvement;" however, the plaintiff argues the ALJ selectively chose many of these findings, as the cited records also consistently contain the following: slowed speech, withdrawn behavior, depressed mood, flat or constricted affect, impaired or partial insight, fair judgment, and retarded/slowed psychomotor activity.

      For example, the ALJ cites rheumatology records from February 17, 2022, indicating the plaintiff exhibited appropriate mood and affect and normal insight, judgment, and mood. Yet Communicare records between January and March 2022 indicate the plaintiff's affect was constricted, her mood depressed, her psychomotor activity was retarded/slowed, her judgment fair, and her insight partial. Similarly, the ALJ states "[o]n June 15, 2022, the claimant reported that she was 'doing well overall.' She was sleeping well, and her mood was 'stable.'" Yet plaintiff's psychiatric evaluation on this date indicates retarded/slowed psychomotor activity, constricted affect, depressed mood, fair judgment, and partial insight.

      The ALJ relied on December 29, 2022, records from Baptist Memorial Hospital-DeSoto where the plaintiff was admitted for heart failure and underwent an aortic valve replacement yet displayed normal mood, affect, behavior, thought content, and judgment on physical examination. However, Communicare records from November 2022 through February 2023, consistently document reported bouts of depression lasting several days and that the plaintiff's appearance was disheveled, her mood depressed, and her affect flat. This further suggests a selective reading of the persistence of the plaintiff's mental limitations.

In treatment records between April 2023 and July 2023, the plaintiff was making progress yet also reported she was sad with decreased energy and motivation during depressive episodes and appeared disheveled and depressed with flat affect and impaired insight. Further, on July 10, 2023, Ms. Larry recommended the plaintiff's diagnosis be modified to include depressive, anxious, and psychotic symptoms and noted she met the criteria for major depressive disorder with psychotic features including little interest, feeling down depressed, and hopeless, and feeling that she is a failure or has let herself or her family down nearly every day.

The ALJ's determination that Ms. Spragins' and Ms. Larry's opinions are unpersuasive because they are unsupported by and inconsistent with the objective evidence demonstrating improvement with treatment is undermined by the significant number of treatment records documenting persistent symptomology which were not acknowledged in the decision. It is not the court's job to reweigh the evidence or substitute its opinion for that of the Commissioner. However, the portions of the medical record documenting improvement the ALJ relied on are not wholly reflective of the Communicare records, calling into question whether substantial evidence in fact supports the RFC. Further, the court notes this deficiency occurs together with the ALJ's heavy reliance on the one-time consultative examination and non-examining DDS opinions in the face of Ms. Spragins' and Ms. Larry's opinions reflecting a substantial treatment history with the plaintiff.

The Social Security Administration is under a statutory mandate to explain its decisions. Whenever the agency reaches a decision that is unfavorable to a claimant in whole or in part, the decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons." 42 U.S.C. § 405(b)(1). The "ALJ does not need to comment on every piece of

evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. Appx. 985, 986 (5th Cir. 2010). In light of the considerable evidence in the record contradicting the RFC, the court is unable to conclude the evidence cited in the ALJ's decision is in fact substantial. It is conceivable that proper consideration of this evidence could have resulted in a different determination, thus warranting remand. For that reason, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

    SO ORDERED, this the 1st day of July, 2025.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE